UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9720 PA (RAOx) | Date | November 16, 2023 |
|---|---|---|---|
| Title | David Johnson v. U.S. Bank | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff David Johnson ("Plaintiff"). Plaintiff is appearing pro se. Plaintiff's Complaint is captioned as a "Complaint [and] Request for Injunction to Stop Foreclosure." The Complaint does not assert any common law or statutory claim, allege a basis for the Court's subject matter jurisdiction, or allege any well-pleaded factual allegations.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

The Complaint does not allege a claim arising under federal law or otherwise allege that the Court possesses federal question jurisdiction over this action. See 28 U.S.C. § 1331. Nor does the Complaint allege that the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9720 PA (RAOx) | Date | November 16, 2023 |
|---|---|---|---|
| Title | David Johnson v. U.S. Bank | | |

other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

To properly allege the Court's diversity jurisdiction, a plaintiff must affirmatively allege the actual citizenship of the relevant parties; a mere statement that the parties are citizens of different states is insufficient.  See Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987); see also Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it the better practice that [diversity jurisdiction] allegations be supported by prima facie proof.").  The Complaint fails to allege or establish the citizenship of any of the parties for jurisdictional purposes or the amount in controversy.  Accordingly, the Court is unable to ascertain whether it may exercise subject matter jurisdiction over this action.

Because the Complaint does not satisfactorily allege any basis for the Court's subject matter jurisdiction, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction.  Plaintiff's First Amended Complaint, if any, is to be filed by December 4, 2023.  The failure to file a First Amended Complaint by that date or to adequately allege a basis for the Court's jurisdiction may, without further warning, result in the dismissal of this action without prejudice.

Finally, the Court concludes that Plaintiff's Complaint's "Request" for a preliminary injunction does not comply with the requirements for a Motion for Preliminary Injunction under Local Rule 6-1 or for an Ex Parte Application for Temporary Restraining Order under Local Rule 7-19.  Instead, it appears that Plaintiff has merely requested injunctive relief as a remedy in his Complaint.  The Court will therefore not construe the "Request" as either a Motion or Ex Parte Application, and therefore declines to entertain Plaintiff's "Request" for injunctive relief on an ex parte basis at this time.

IT IS SO ORDERED.