UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9720 PA (RAOx) | Date | January 5, 2023 |
|---|---|---|---|
| Title | David Johnson v. U.S. Bank | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On November 16, 2023, the Court dismissed the Complaint filed by plaintiff David Johnson ("Plaintiff"), with leave to amend for lack of subject matter jurisdiction. The Court ordered Plaintiff to file a First Amended Complaint by no later than December 4, 2023. The Court explicitly warned, "[f]ailure to file a First Amended Complaint by that date or to adequately allege a basis for the Court's jurisdiction may, without further warning, result in the dismissal of this action without prejudice." As of today's date, Plaintiff, who is appearing pro se, has not filed a First Amended Complaint. Plaintiff did, however, file a "Notice of Court Order" in which he appears to have attempted to provide defendant with a copy of the Court's Standing Order and the Court's November 16, 2023 Minute Order, which confirms that Plaintiff received a copy of the Court's November 16, 2023 Minute Order dismissing the original Complaint with leave to amend.

The Court may dismiss with prejudice an action or claim <u>sua sponte</u> if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. <u>See</u> <u>Link</u>, 370 U.S. at 629-30; <u>Yourish</u>, 191 F.3d at 987-88; <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

In <u>Henderson v. Duncan</u>, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9720 PA (RAOx) | Date | January 5, 2023 |
|---|---|---|---|
| Title | David Johnson v. U.S. Bank | | |

(internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991.

Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a First Amended Complaint by the Court's deadline. Nevertheless, Plaintiff has taken no action. On this record, the Court finds that Plaintiff has abandoned prosecution of this action, and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failure to prosecute and obey Court orders. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned his claims by failing to file a First Amended Complaint. The Court dismisses this action without prejudice for lack of subject matter jurisdiction, lack of prosecution, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.